**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-50125
Summary Calendar

ROBERT KEITH ROMERO,

Plaintiff - Appellee,

versus

PROFESSIONAL PERFORMANCE
DEVELOPMENT GROUP,

Defendant – Appellant.

Appeal from the United States District Court
For the Western District of Texas
(No. SA-01-CV-912)

July 26, 2002

Before JOLLY, DAVIS and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Robert K. Romero sued his former employer Professional Performance Development Group ("PPDG"), claiming that PPDG's firing him violated the Americans with Disabilities Act ("ADA") and Title VII. PPDG appeals the district court's denial of its motion for stay pending arbitration. Romero has

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not filed a brief in opposition.  We have jurisdiction, *see* 9 U.S.C. § 16(a), and now reverse.

We review the district court's refusal to stay pending arbitration de novo.  *See Texaco Exploration & Production Co. v. AmClyde Engineered Prods., Inc.*, 243 F.3d 906, 908 (5th Cir. 2002).  The district court denied stay because it concluded that the arbitration agreement between Romero and PPDG was non-binding.  We review this determination de novo, too.  *See R.M. Perez & Assocs., Inc. v Welsh*, 960 F.2d 534, 337-38 (5th Cir. 1992).  Arbitration agreements are subject to the same rules of construction used to interpret contracts, *see Harvey v. Joyce*, 199 F.3d 790, 794 (5th Cir. 2000), except that ambiguity in an arbitration agreement should be resolved in favor of requiring arbitration, *see Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).  Unless otherwise specified, an arbitration agreement embraces statutory claims as well as contract claims.  *See Miller v. Public Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997)(noting that ADA and Title VII suits are subject to the Federal Arbitration Act).

In reaching its conclusion, the district court relied on Section 2 of the agreement, which provides the procedures for arbitration "in the event" that the employee "wish[es] to demand" it.  To the district court, this seemingly optional language suggested that the agreement was non-binding.  We disagree.

-2-

Basing a construction on a single phrase read apart from surrounding language runs afoul of the rule that contracts should be read as a whole.  The first paragraph of the agreement states:

> I, the undersigned employee . . . hereby agree that in the event that a disagreement arises between myself and PPDG arising out of, or in any fashion relating to my employment with PPDG, that disagreement shall be resolved in the manner set forth below.

This language evidences a promise that the employee (here Romero) will submit to arbitration.  It is "optional" only to the extent that the employee can choose not to pursue the disagreement at all.  "[I]n the event" that he does, however, resolution must be had in accordance with the procedures described in the agreement. Romero is therefore bound to arbitrate his claim against PPDG before litigating in the district court.

REVERSED and REMANDED for entry of an order staying further proceedings.